UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: REGINA MEDLEY,

    Debtor.
_____/

REGINA MEDLEY, Debtor,

    Appellant,

v.

                                            Case No. 8:23-cv-2455-JLB
                                            (Bankr. No. 8:10-bk-6847-CPM)

BETH ANN SCHARRER, Chapter 7
Trustee,

    Appellee.
_____/

## OPINION

Regina Medley ("Debtor") appeals an order determining that the funds she received as part of a settlement of a mass tort claim is property of the estate. Beth Ann Scharrer (the "Chapter 7 Trustee") successfully argued that Debtor's cause of action was property of the estate because all elements of the action accrued prepetition, even though it is undisputed that Debtor did not discover the causal link between her cancer and the product that caused it until after her bankruptcy petition was filed. After careful review of the appellate briefs and the entire record on appeal, the Court reverses the order of the bankruptcy court. (Doc. 2-50 at 1–2).

## BACKGROUND

Debtor filed her Chapter 7 bankruptcy case on March 26, 2010. (Doc. 2 at 1–

1

3). Debtor received a discharge on July 6, 2010. (Doc. 2-1 at 1). The case was closed on July 3, 2012, after a 12.3% distribution to general unsecured creditors. (Doc. 2-3 at 9; Doc. 2-4 at 1; Doc. 2-5 at 1).

On November 17, 2021, the United States Trustee moved to reopen Debtor's bankruptcy case after the office "was notified of a possible asset that may be property of the bankruptcy estate." (Doc. 2-5 at 1).[1] The case was reopened on November 18, 2021. (Doc. 2-7 at 1). The Chapter 7 Trustee was appointed as successor trustee of the estate of the reopened case. (Doc. 2-6 at 1).

The Chapter 7 Trustee determined that Debtor "asserted a personal injury claim due to [her] exposure to a harmful chemical that led to her diagnosis of a certain medical condition associated with exposure to such chemical." (Doc. 2-36 at 1). The Chapter 7 Trustee asserted that the personal injury claim was based on prepetition events and was thus property of the bankruptcy estate. (*Id.*) The Chapter 7 Trustee employed certain law firms to pursue the personal injury claims on behalf of the estate. (*Id.* at 2). In June 2023, the Chapter 7 Trustee sought approval of a settlement, under which $46,149.08 would be paid to Debtor's estate in net proceeds after payment of attorneys' fees and costs and other case expenses. (Doc. 2-36 at 3).

Debtor filed an objection to the motion for approval of the proposed

---

[1] At a later hearing, a representative for the United States Trustee's Office indicated that the U.S. Trustee reopens cases routinely "whenever [they] get information from someone that there may be a potential asset" and that they "never make a determination as to whether or not the asset . . . is actually an asset of the estate . . . [and] leave that [determination] to the Chapter 7 Trustee." (Doc. 4 at 4).

settlement, stating: "The Settlement and proceeds thereof for which the Trustee seeks approval is not property of the bankruptcy estate and therefore the trustee nor this Court has authority to approve same" and requested a hearing in connection with such objection. (Doc. 2-38 at 1). The settlement was approved on July 28, 2023, but the bankruptcy court directed that the net proceeds were to be held in trust by the Chapter 7 Trustee's Special Counsel, pending further order of the Court. (Doc. 2-44 at 1–2). Debtor filed a Motion to Determine Settlement is not Property of the Bankruptcy Estate and to Re-Close Case (Doc. 2-39), and the Trustee filed a Motion for Judgment on the Pleadings related to the same issue (Doc. 2-47).

On October 3, 2023, the bankruptcy court held a hearing on the Chapter 7 Trustee's motion for judgment on the pleadings. (Doc. 4 at 1-4). The bankruptcy court made the following findings of fact:

> The Debtor was exposed to a toxic substance beginning in 1987. She was diagnosed with some medical malady in 2007. She received a discharge in 2010. In 2015, the World Health Organization revealed a causal link between this product and cancer. The Debtor learned of that in 2018.
>
> In [2021], the Debtor's attorney reached a settlement and . . . the United States Trustee [was notified]. The case was reopened. [The court] approved the settlement . . . with a set-aside of $15,000, pending further order of the Court, due to a disagreement about whether those funds are or are not property of the estate.

(*Id.* at 6).

The bankruptcy court granted the motion for judgment on the pleadings and stated its reasons for doing so on the record. (*Id.* at 10–14). In short, the

3

bankruptcy court ruled as follows:

> It's basic tort law in Florida that once all the elements of a negligence action such as this occurs, whether it be product liability or what have you, then that is an accrual and that is a litigable cause of action. Discovery of one of the elements is not a factor. It's a factor maybe in tolling it, an applicable statute of limitation, but it is not a factor in whether the claim exists. It exists.
>
> So when a cause of action accrues or begins to run is when the last element occurs, not is discovered, occurs. . . . So, accrual is when things happen, not when they're discovered. In this case, all of the elements of either negligence of products liability, however you want to term it, occurred pre-petition.

(*Id.* at 10–11, 13).

The bankruptcy court entered an order on October 10, 2023, granting the Bankruptcy Trustee's Motion for Judgment on the Pleadings and denying Debtor's Motion to Determine that Settlement is Not Property of the Bankruptcy Estate. (Doc. 2-50 at 1–2). This appeal followed on October 20, 2023. (Doc. 2-51 at 1–2).

## STANDARD OF REVIEW

In reviewing a bankruptcy court decision, a district court "functions as an appellate court." *In re Immenhausen Corp.*, 159 B.R. 45, 47 (M.D. Fla. 1993) (citations omitted). A district court reviews a bankruptcy court's findings of fact for clear error and reviews conclusions of law *de novo*. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990) (citations omitted).

## DISCUSSION

Whether a debtor's interest "is property of the estate is a federal question," but "the nature and existence of the debtors' right to property is determined by

4

looking at state law." *In re Thomas*, 883 F.2d 991, 995 (11th Cir. 1989) (citations omitted).

"Under 11 U.S.C. § 541, property of a debtor's bankruptcy estate includes, with certain exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Congress intended the scope of § 541(a)(1) to be broad." *In re Alvarez*, 224 F.3d 1273, 1278 (11th Cir. 2000) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204–05 (1983)); *see also Calderon v. U.S. Bank Nat'l Assoc. as Trustee for SG Mortgage Sec. Trust 2006-FRE2 Asset Backed Certificates Series 2006-FRE2*, 860 F. App'x 686, 687 (11th Cir. 2021) (quotation omitted) ("The Bankruptcy Code provides that virtually all of a debtor's assets and legal and equitable interest in property as of the commencement of the bankruptcy case vest in the bankruptcy estate upon the filing of the petition.").

Courts "look to state law to determine when a claim arises, and if it arises on or before the commencement of the bankruptcy case, it is part of the bankruptcy estate." *In re Bracewell*, 454 F.3d 1234, 1242 (11th Cir. 2006); *In re Alvarez*, 224 F.3d at 1278. In other words, "[w]hether the claim belongs to the trustee is determined by when the claim accrues: if it accrues on or before the commencement of the bankruptcy case, it is part of the bankruptcy estate." *Zenteno v. Bank of America, N.A.*, No. 8:17-cv-02591-T-02TGW, 2020 WL 4816037, at *2 (M.D. Fla. Aug. 19, 2020) (citing *Bracewell*, 454 F.3d at 1237).

Under Florida state law, generally, a claim accrues when the last element

constituting the cause of action occurs. *See Alvarez*, 224 F.3d at 1276 (citing Fla. Stat. Ann. § 95.031(1)). "In the context of products liability, the basic elements of a negligence cause of action apply: (1) duty of care toward the plaintiff; (2) breach of that duty (or negligence); [and] (3) proximate cause." *Marzullo v. Crosman Corp.*, 289 F. Supp. 2d 1337, 1342 (M.D. Fla. 2003) (citing *Stazenski v. Tennant Company*, 617 So. 2d 344, 345–46 (Fla. 1st DCA 1993). Additionally, "the plaintiff also must establish that the product was defective or unreasonably dangerous." *Id.* (citing *Siemens Energy & Automation v. Medina*, 719 So. 2d 312, 315 (Fla. 3d DCA 1998) *rev. denied*, 733 So. 2d 516 (Fla. 1999)).[2]

The Florida Legislature has made an exception regarding when product liability claims accrue. Under Florida Statute section 95.031, "[a]n action for products liability under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence . . . ." Fla. Stat. § 95.031(2)(b). The Florida Supreme Court has interpreted this part of the statute to mean that "[a]n exception is made for claims of fraud and products liability in which *the accrual of the causes of action is delayed* until the plaintiff either knows or should know that the last element of the cause of

---

[2] "Under a strict liability theory the elements are the same. The plaintiff does not, however, have the burden of proving specific acts of negligence." *Marzullo*, 289 F. Supp. 2d at 1346 n.5 (emphasis added) (citing *Jennings v. BIC Corp.*, 181 F.3d 1250, 1256–57 (11th Cir. 1999)).

6

action occurred." *Davis v. Monahan*, 832 So. 2d 708, 709 (Fla. 2002) (citing Fla. Stat. Ann. § 95.031)."

The Florida Supreme Court has clarified that there was once "confusion regarding . . . application of the delayed discovery doctrine" because "sometimes the Court stated that the doctrine delayed the 'accrual' of the cause of action and other times [it] stated that the doctrine affected the 'tolling' of the statute of limitations." *Hearndon v. Graham*, 767 So. 2d 1179, 1184 (Fla. 2000) (citations omitted). The Florida Supreme Court ultimately concluded that "the delayed discovery doctrine may only be applied to the accrual of a cause of action." *Id.* Moreover, the Eleventh Circuit has interpreted this part of the statute as follows:

> "The 'delayed discovery' doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." *Hearndon v. Graham*, 767 So.2d 1179, 1184 (Fla. 2000). The delayed discovery doctrine applies to the accrual of a cause of action; it does not toll the applicable statute of limitations once the cause of action has accrued and the statute of limitations has begun to run. *See id.* The delayed discovery rule was codified by the Florida legislature in 1999. *See* Fla. Stat. ch. 95.031 (2002).

*Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1280 (11th Cir. 2003).

Here, the bankruptcy court that "[a] claim can exist, and therefore becomes property of a debtor's estate, even if it is concealed for some time and a statute of limitations does not accrue." (Doc. 14 at 14). Stated differently, the legal question here is whether Debtor's products liability claim constituted a "legal or equitable [interest] of [Debtor's] in property 'as of' the commencement of [her] bankruptcy

7

case, such that the claim became property of [her] bankruptcy estate." *See Alvarez*, 224 F.3d at 1276 (first alteration in original).

The undisputed record demonstrates that Debtor neither knew nor reasonably should have known that exposure to the defective product caused her medical malady diagnosis as of the filing of her Chapter 7 bankruptcy case on March 26, 2010. (Doc. 2 at 1–3). Specifically, the undisputed record establishes that Debtor did not become aware of the legal cause of her medical malady diagnosis—exposure to a toxic product in 1986—until 2018, which is approximately eight years *after* she filed her Chapter 7 petition. (Doc. 4 at 6). At best, the undisputed facts *could* support an inference that Debtor should have known about the causal link between her exposure to the product and her medical malady diagnosis when the World Health Organization revealed that causal link in 2015. (*Id.*). But that is of no consequence because that event occurred well after filing her Chapter 7 petition, too. Florida law instructs us that her products liability claim did *not* accrue until long after the filing of her Chapter 7 bankruptcy petition. Davis, 832 So. 2d at 709 (citing Fla. Stat. Ann. § 95.031).

Simply stated, the undisputed facts demonstrate that Debtor neither knew nor should have known that her exposure to the toxic substance in 1986 was the proximate cause of her 2007 medical malady diagnosis. As such, the products liability claim is not the property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) (specifying that "all legal or equitable interests of the debtor in property *as of* the commencement of the [bankruptcy] case") (emphasis added); *see In re*

*Holzenthal*, 580 B.R. 868, 870-72 (Bankr. M.D. Fla. 2016) (holding that products liability claim for pre-Chapter 7 bankruptcy pelvic mesh implantation was not part of Chapter 7 estate because, applying Fla. Stat. § 95.031, the claim did not accrue until post-petition and there was no evidence that debtor knew or should have known that the implantation of mesh could have given rise to a claim as of the filing of her bankruptcy petition).

## CONCLUSION

For the reasons explained, the bankruptcy court's order granting the Bankruptcy Trustee's Motion for Judgment on the Pleadings and denying Debtor's Motion to Determine that Settlement is Not Property of the Bankruptcy Estate, (Doc. 2-50 at 1–2), is REVERSED. The case is REMANDED to the Bankruptcy Court for further proceedings consistent with this Opinion. The Clerk is DIRECTED to transmit a copy of this Opinion to the Bankruptcy Court, terminate the appeal, and close the file.

**ORDERED** in Tampa, Florida on December 18, 2024.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE